UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN KENDRICK,

          Petitioner,

v.                                         Case No. 01-C-1261
                                               (11-C-0982)

JOHN PAQUIN,[1]
**Warden of the Racine**
**Correctional Institution**

          Respondent.

## DECISION AND ORDER

This matter is before the Court on the motion for release from custody filed by the pro se Petitioner Sean Kendrick ("Kendrick"). Currently, in custody at the RCI, Kendrick is serving a 20-year term of incarceration imposed following his December 10, 1998, conviction by for possession with intent to deliver more than 100 grams of cocaine in violation of Wis. Stat. § 961.41(1m)(cm)(5), by the Circuit Court for Milwaukee Country, Wisconsin.

---

[1] The Petitioner amended the case caption by substituting John Paquin ("Paquin"), the Warden of Racine Correctional Institution (the "RCI") as the Respondent, because the Petitioner is currently in the custody of Paquin. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d). Paquin is hereby substituted as the Respondent.

*Background*

In 2001, Kendrick filed this action for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 8, 2008, following an extended stay that allowed Kendrick to exhaust his state remedies on all of his claims, the Court issued a Decision and Order denying his amended petition for a writ of habeas corpus and dismissing the action. Judgment was entered by the Clerk of Court the same day. Kendrick filed a notice of appeal. This Court denied his motion for leave to proceed *in forma pauperis* and also denied his request for a certificate of appealability. On April 14, 2009, the Seventh Circuit Court of Appeals issued a mandate denying Kendrick's request for a certificate of appealability.

A little over two years later, Kendrick filed the present motion for release from custody pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, asserting that his 1998 conviction is "null and void," because no arraignment was conducted in the state criminal action. As a result, he maintains that Paquin has no jurisdiction to continue to hold him.

*Analysis*

In addressing Kendrick's motion for release, *Gonzalez v. Crosby*, 545 U.S. 524 (2005), must be considered. *Gonzales* analyzed whether a Rule 60(b) motion for "Relief from Judgment" is properly treated as a successive petition in habeas corpus cases. *See Freeman v. Chandler*, 645 F.3d 863, 877 (7th Cir. 2011). The Supreme Court in *Gonzales*, observed that the Rules of Civil Procedure apply in habeas proceedings only to the extent they are not inconsistent with federal statutory provisions and rules. *Id*. (citing *Gonzalez*, 545 U.S. at 529

(citing 28 U.S.C. § 2254 Rule 11)). As a result, when a Rule 60(b) motion raises arguments prohibited by 28 U.S.C. § 2244(b)(1) or (b)(2), it will amount to an impermissible successive petition and the district court will lack jurisdiction. *Id.* (citing *Gonzalez*, 545 U.S. at 530-32). Otherwise, prisoners would be able to use Rule 60(b) to "circumvent statutory limitations on successive applications that are integral to federal habeas law." *Id.* (citing *Gonzalez*, 545 U.S. at 532). However, not every Rule 60(b) motion is prohibited: "'A motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court. . . .'" *Id.* (quoting *Gonzalez*, 545 U.S. at 538 and citing *Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006)).

Kendrick's motion does not assert that this Court failed to reach an issue that he raised in his prior petition. Instead, it is renewed challenge to his 1998 conviction. As such it is a successive petition. Section 2244(a) of Title 28 of the United States Code states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Section 2244(b)(1) further provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Section 2244(b)(2) sets forth certain limited exceptions to the general rule that a claim presented in a second or successive habeas corpus application under section 2254 that

3

was not presented in a prior application shall be dismissed. These exceptions are established when:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(b)(2). Section 2244(b)(3)(A) further provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This Court may only hear such a petition if the court of appeals for this circuit certifies that this Court should entertain the successive petition.

Kendrick also states that it was a miscarriage of justice and plain error for his appointed counsel to waive the arraignment hearing. To the extent he is invoking the miscarriage of justice and actual innocence exception, he has a high bar to meet. *See Smith v. McKee*, 598 F.3d 374, 387 (7th Cir. 2010). The fundamental miscarriage of justice exception requires "the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 387-88 (quoting *Schlup v.*

4

*Delo*, 513 U.S. 298, 327 (1995)). Kendrick's argument, even if established, does not fall within the actual innocence exception.

Therefore, Kendrick's motion for release is a sucessive petition. Consequently, the Court will direct the Clerk of Court to open the April 20, 2011, motion as a separate civil § 2254 action. Since Kendrick has not obtained prior permission from the Court of Appeals, that action is dismissed for lack of jurisdiction. *Nuñez v. United States*, 96 F.3d 990 (7th Cir. 1996)). Kendrick is advised that this Court lacks jurisdiction to entertain any further collateral proceedings unless the Court of Appeals first grants permission under § 2244 and § 2255(h). If Kendrick intends to seek permission from the court of appeals to file a successive petition, he should be aware that 7th Cir. R. 22.2 sets forth the requirements for such petitions. The text of the Rule is appended to this Decision and Order.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Paquin is **SUBSTITUTED** as the Respondent; and,

Kendrick's motion for order to release Petitioner from custody is **DISMISSED**;

The Clerk of Court is directed to open Kendrick's motion for order to release Petitioner from custody as a separate civil action for relief under 28 U.S.C. § 2254;

Kendrick's separate § 2254 action is **DISMISSED FOR LACK OF JURISDICTION**;

5

The Court also declines to issue a certificate of appeal from that Order pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts; and

The Clerk of Court is **DIRECTED** to enter judgment in the newly opened civil action accordingly.

Dated at Milwaukee, Wisconsin this 19th day of October, 2011.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa
U.S. District Judge**

Circuit Rule 22.2. Successive Petitions for Collateral Review

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.